IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division



THE PRUDENTIAL INSURANCE COMPANY
OF AMERICA,

                    Plaintiff,

v.                                           Civil Action No. 2:16cv670

CAN CHAU NGUYEN, individually and as the
Executor of the Estate of Laura Ngo, and
LIEN NGO,

                    Defendants.

## OPINION & ORDER

This matter is before the Court upon two (2) motions by Plaintiff The Prudential Insurance Company of America ("Plaintiff"): Motion for Relief in Interpleader, Doc. 18 ("Motion for Relief"), and Motion for Default Judgment as to Defendant Lien Ngo, Doc. 28 ("Motion for Default Judgment"). For the reasons stated below, the Court **GRANTS** the Motion for Relief, Doc. 18, and **ORDERS** Plaintiff to pay the remaining death benefits at issue to Defendant Chau Nguyen, plus applicable claim interest. The Court **AWARDS** Plaintiff half of its costs, as well as attorney's fees in the amount of five hundred dollars ($500). The Court **DISMISSES** the Motion for Default Judgment, Doc. 28, as **MOOT**.

### I.     BACKGROUND

This action involves a life insurance policy issued by Plaintiff and covering Laura T. Ngo ("the Insured"). Doc. 1 ¶ 7. The Insured designated Lien Ngo, Chau Nguyen, and Doan Ngo as beneficiaries of the policy. Id. ¶ 8. The policy includes death benefits in the amount of $1,250,000, broken down as follows: "Basic" death benefits in the amount of $50,000;

1

"Optional" death benefits in the amount of $1,000,000; and Accidental Death and Dismemberment ("AD&D") benefits in the amount of $200,000. Id. ¶ 10. Lien Ngo was the designated beneficiary of 40% of the policy's proceeds, and Chau Nguyen and Doan Ngo were the designated beneficiaries of 30% each of the policy's proceeds. Id. ¶ 8. Doan Ngo predeceased the Insured, forfeiting his share of the policy proceeds to the other two beneficiaries. Id. ¶¶ 11–12.

The Insured died on February 28, 2016, as the result of a hit and run car accident. Id. ¶ 9. Lien Ngo and Chau Nguyen each made a claim for their share of the policy proceeds, and Plaintiff distributed all of the Basic and Optional death benefits to them in April 2015. Id. ¶¶ 13–16. Plaintiff did not distribute the AD&D benefits at that time, because the cause of death of the Insured had not yet been established, and thus Plaintiff could not yet determine whether the AD&D benefits were payable. Id. ¶ 17.

On or about May 11, 2016, Plaintiff was informed by the Southampton County Sheriff's Department that Chau Nguyen had not been ruled out as a suspect in connection with the Insured's death. Id. ¶ 18. Plaintiff is precluded by Virginia law from distributing death benefits to any individual convicted of murder or voluntary manslaughter of the Insured. Id. ¶¶ 19–20; see Va. Code § 64.2-2508.

On or about September 27, 2016, Plaintiff distributed Lien Ngo's share of the AD&D benefits. Id. ¶ 25. Not knowing whether Chau Nguyen might be tried and ultimately convicted of murder or voluntary manslaughter of the Insured, Plaintiff did not distribute to him the remaining AD&D benefits, which amount to $90,000. See id. ¶ 26.

On November 18, 2016, Plaintiff filed a Complaint in Interpleader, naming Lien Ngo and Chau Nguyen as Defendants. Id. Plaintiff asserts that it "is ready, willing and able to pay the

[remaining proceeds] to whomever this Court shall designate," but states that it "cannot determine factually or legally who is entitled to" such proceeds. Id. ¶¶ 26–27. Plaintiff was given leave to file an Amended Complaint by Court Order entered February 13, 2017. Doc. 11. Plaintiff filed its Amended Complaint on February 17, 2017. Doc. 12.

Plaintiff filed the instant Motion for Relief on September 12, 2017, Doc. 18, requesting the following relief:

1. Allow Plaintiff to interplead the remaining death benefits at issue, plus applicable claim interest;
2. Discharge Plaintiff of liability under the life insurance policy and dismiss Plaintiff from this action, with prejudice;
3. Permanently enjoin all Parties from bringing any other actions in connection with the policy; and
4. Award Plaintiff attorneys' fees and costs.

Doc. 19 at 1. In support of the Motion for Relief, Plaintiff reiterated the facts stated in the Amended Complaint, and further stated that on September 7, 2017 the Southampton County Sheriff's Department informed Plaintiff that Chau Nguyen had not yet been ruled out as a suspect in the death of the Insured. Id. at 3. Because the investigation into the Insured's death was still pending, Plaintiff reiterated its inability to "determine factually or legally who is entitled to the Remaining Death Benefit." Id. at 4.

Defendant Chau Nguyen filed an Answer to the Amended Complaint on September 29, 2017. Doc. 25. Nguyen explained the circumstances surrounding the Insured's death as follows:

> My wife, Laura Thi Hoang Ngo passed away on February 28, 2016 by being struck by another vehicle on Southampton Parkway, ½ mile East of Route 308. On that day, we were driving home from a temple in North Carolina where celebrated a service of 49 days after her father's death. On the way home, she wanted me to stop at a certain restaurant to take a rest then we could continue our trip. However, I thought we were almost close to home, so I kept driving. After three times asking me to stop, she got out of the car, running across the street, and got hit. During this time, my wife got depressions from her father's death, her workplace's inventory, her own investments, and her health conditions. Things happened suddenly, and I did not do anything involving to my wife's death.

Id. at 2. Nguyen further asserted that in or around the end of August 2016, Detective Scott Griffith of the Southampton County Sheriff's Department informed Nguyen that he was no longer a suspect in his wife's death. Id. Nguyen states that the case is still open because the hit and run driver has not yet been found. Id. Nguyen argues that he is not a slayer per Virginia law, and consequently he is entitled to the remaining proceeds. Id. at 3–4.

Plaintiff filed a Request for Entry of Default against Defendant Lien Ngo on October 17, 2017, Doc. 26, whose default the Clerk then entered the same day, Doc. 27. Plaintiff filed the instant Motion for Default Judgment against Defendant Ngo on November 9, 2017. Doc. 28. In support of the Motion for Default Judgment, Plaintiff notes that Defendant Ngo was served with the Amended Complaint on March 17, 2017 and has yet to file an answer or other responsive pleading. Id. ¶¶ 4–5. Plaintiff further states that it does not seek money damages against Defendant Ngo, and so a default judgment against her would result only "in her being precluded from receiving any portion of the life insurance proceeds at issue or making any further claims to such funds." Id. ¶ 12.

## II.  DISCUSSION

### A.  The "Slayer Rule"

Plaintiff asserts that "it is unclear which of the Defendants is legally entitled to the proceeds," and as a result Plaintiff "faces the risk of double liability and the vexation of having to defend against competing claims asserted or that may be asserted by the claimants." Doc. 19 at 5–6. The lack of clarity in this case stems from the alleged fact that, as of September 7, 2017, Defendant Chau Nguyen had not been ruled out as a suspect in connection with the hit-and-run death of his wife, the Insured. See id. at 3. Defendant Nguyen states that Detective Scott Griffith of the Southampton County Sheriff's Department informed him that he was not a

suspect, but that the case is still open because detectives have not yet found the hit-and-run driver.

Section 64.2-2501 of the Virginia Code states, "A slayer, or any transferee, assignee, or other person claiming through the slayer, shall not in any way acquire any property or receive any benefits as the result of the death of the decedent." The statute defines "slayer" to mean any person

(i) who is convicted of the murder or voluntary manslaughter of the decedent, or
(ii) in the absence of such conviction, who is determined, whether before or after his death, by a court of appropriate jurisdiction by a preponderance of the evidence to have committed one of the offenses listed in clause (i) resulting in the death of the decedent.

Va. Code § 64.2-2500.

It has been almost two years since the Insured's death, and Defendant Nguyen has not been charged with the Insured's death in any way. There is no foreseeable conviction for murder or voluntary manslaughter of the Insured. To the Court's knowledge, no interested party has urged this Court or any other court to determine "by a preponderance of the evidence" that Defendant Nguyen has committed the murder or voluntary manslaughter of the Insured. Defendant Ngo, the only other named beneficiary of the policy, has not even appeared in this action, let alone objected to Defendant Nguyen taking the proceeds.

Accordingly, the Court **FINDS** that Defendant Nguyen is entitled to the remaining policy proceeds, plus applicable claim interest. Cf. Primerica Life Ins. Co. v. Baccus, 2009 WL 1138729 (N.D. Tex. Apr. 27, 2009) (finding beneficiary entitled to policy proceeds even though he was a suspect in the death of the insured, where none of the other defendants claimed an interest in the proceeds or otherwise argued the proceeds should not be distributed to him); Metro. Life Ins. Co. v. Prater, 508 F.Supp. 667, 668–69 (E.D. Ky. 1981) (finding beneficiary entitled to policy proceeds where "there has been no evidence presented to suggest that Monroe

Prater feloniously killed his wife, barring him from collecting the insurance proceeds [and] the other potential claimants either have renounced any claim or have not responded to [the insurance company's interpleader] claim"). The Court **ORDERS** Plaintiff to pay said proceeds to Defendant Chau Nguyen. Because this resolution of Plaintiff's interpleader claim renders the Motion for Default Judgment against Defendant Ngo, Doc. 28, **MOOT**, the Court **DISMISSES** that Motion.

B.  **Attorneys' Fees**

Plaintiff asserts that "[a]s a disinterested stakeholder seeking to interplead the funds with this Court and be dismissed from this case, [Plaintiff] is entitled to the attorneys' fees and costs it incurred in interpleading the funds." Doc. 19 at 7–8. In support of its claim for attorneys' fees, Plaintiff quotes a decision of this Court:

> [A]ttorneys' fees and costs may be awarded to a stakeholder in an interpleader action based on the rationale that the stakeholder, "by seeking resolution of the multiple claims to the proceeds, benefits the claimants, and . . . should not have to absorb attorneys' fees in avoiding the possibility of multiple litigation."

Id. at 7 (quoting Sun Life Assur. Co. of Canada v. Bew, 530 F. Supp. 2d 773, 775 (E.D. Va. 2007) (quoting Reliastar Life Ins. Co. of N.Y. v. LeMone, 2006 WL 733968, at *9 (W.D. Va. Mar. 16, 2006))).

The decision to award fees and costs in an interpleader action is in the discretion of the Court, and in making that decision "the broad rule is reasonableness." See Sun Life, 530 F. Supp. 2d at 776. "[T]he allowance of costs to [P]laintiff depends on whether there existed a real threat of vexatious suits from multiple claimants, and not on whether [P]laintiff merely desired 'further protection of the court to exonerate it from possible liability.'" Mfrs. Life Ins. Co. v. Johnson, 385 F. Supp. 852, 854 (E.D. Va. 1974) (quoting United States v. Browne Elec. Co., 168 F. Supp. 806, 808 (E.D. Va. 1959)).

The Court **FINDS** that this interpleader action was filed out of an overabundance of caution. Had Plaintiff paid the remaining proceeds to Defendant Nguyen, per the policy's terms, it would have faced only one potential suit from the only other policy beneficiary, Defendant Ngo. As made clear by Defendant Ngo's failure to appear in this action, despite Plaintiff having spoken with counsel for Ms. Ngo, see Doc. 20 at 2, the actual risk of this suit was very low. And if Plaintiff had paid the remaining proceeds to Defendant Ngo instead, it also would have faced only one potential suit from the only other policy beneficiary, Defendant Nguyen. Plaintiff filed this action nine (9) months after the death of the Insured, at which point Defendant Nguyen still had not been charged with the Insured's death in any way. Accordingly, the Court **FINDS** that Plaintiff is entitled to only a portion of its attorneys' fees and costs. The Court therefore **AWARDS** Plaintiff attorneys' fees in the amount of five hundred dollars ($500), as well as half of its costs.

### III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion for Relief, Doc. 18, and **ORDERS** Plaintiff to pay the remaining death benefits at issue, plus applicable claim interest, to Defendant Chau Nguyen. The Court further **ORDERS** that Plaintiff be discharged from any and all liability to Defendants Chau Nguyen and Lien Ngo relating in any way to the instant insurance policy and payments made pursuant to that policy. The Court **AWARDS** Plaintiff attorneys' fees in the amount of five hundred dollars ($500), as well as half of its costs. All claims having been resolved, the Court **DISMISSES** this action in its entirety, and **DISMISSES** Plaintiff's Motion for Default Judgment as to Defendant Ngo, Doc. 28, as **MOOT**.

The Clerk is **REQUESTED** to send a copy of this Order to all counsel and parties of record.

It is **SO ORDERED**.

                                            /s/
                                 Henry Coke Morgan, Jr.
                                 Senior United States District Judge
                              HENRY COKE MORGAN, JR.
                              SENIOR UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
January 31, 2018